EXHIBIT A



RECEIVED OCT 1 3 2025 By_____

SCANNED

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,**

**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| Robert J. Roche, an individual, | Case No.: 25-2-22566-6 SEA |
| vs. | |
| Werner Co.; and New Werner Holding Co., Inc., foreign corporations doing business in Washington, | **SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY)** |
| Defendants. | **JURY TRIAL DEMANDED.** |

Plaintiff Robert J. Roche, acting pro se, alleges as follows:

## I. PARTIES

1.1 Plaintiff Robert J. Roche ("Plaintiff") is a resident of King County, Washington.

1.2 Defendants Werner Co. and New Werner Holding Co., Inc. are corporations organized under the laws of Delaware, with their principal place of business located at 555 Pierce Road, Suite 300, Itasca, Illinois 60143, and is authorized to do business and does business in the State of Washington, including in King County. Keller Industries, Inc. was a corporation organized under the laws of Florida, with its former principal place of business located at 3499 NW 53 Street, Fort Lauderdale, Florida 33309. Keller Industries, Inc. was acquired by Werner Co. in 1995.

## II. JURISDICTION AND VENUE

SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY) JURY TRIAL DEMANDED.

2.1 Jurisdiction is proper in this Court pursuant to RCW 2.08.010 because the amount in controversy exceeds the jurisdictional minimum and involves a civil claim for damages.

2.2 Personal jurisdiction is proper over Defendants because they sell or have sold products in King County, Washington, and/or placed them in the stream of commerce in the United States and, ultimately, in King County.

2.3 Venue is proper in King County under RCW 4.12.025 because the injury occurred in King County and the Plaintiff resides in King County.

**III. FACTS**

3.1 On or about August 4, 2023, Plaintiff was using a ladder manufactured, marketed, and sold by Defendants and/or Keller Industries, Inc. in the normal and expected manner at his residence in Seattle, Washington.

3.2 The ladder was labeled and sold as safe for consumer use and bore no warnings of defect or risk of structural failure.

3.3 While Plaintiff was standing on the ladder, one of the legs of the ladder suddenly and unexpectedly collapsed, causing Plaintiff to fall to the ground from a significant height.

3.4 As a result of the fall, Plaintiff suffered serious physical injuries, including but not limited to four fractures, including three broken ribs requiring medical treatment, and resulting in pain, suffering, and inability to work for a period of time.

3.5 The collapse of the ladder was due to a defect in its design and/or manufacture, rendering it unreasonably dangerous when used in a reasonably foreseeable manner.

3.6 Plaintiff did not modify, misuse, or otherwise alter the ladder in any way that would contribute to its failure.

SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY) JURY TRIAL DEMANDED.

3.7 Defendants owed a duty to design, manufacture, test, and distribute ladders that were safe for intended use and free from defects.

3.8 Defendants breached their duty by placing into the stream of commerce a defective and dangerous product, failing to warn of known or foreseeable dangers, and failing to recall the product or provide adequate safety instructions.

**IV. CAUSES OF ACTION – PRODUCT LIABILITY, NEGLIGENCE AND FAILURE TO WARN**

**COUNT 1 – PRODUCT LIABILITY (RCW 7.72 et seq.)**

4.1 Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

4.2 The ladder was not reasonably safe as designed and/or manufactured, in violation of RCW 7.72.030.

4.3 The defect was a proximate cause of Plaintiff's injuries.

**COUNT 2 – NEGLIGENCE**

4.4 Defendants had a duty to exercise reasonable care in the design, testing, manufacture, inspection, and distribution of the ladder.

4.5 Defendants breached that duty, and the breach was a proximate cause of Plaintiff's injuries.

**COUNT 3 – FAILURE TO WARN**

4.6 Defendants failed to adequately warn consumers, including Plaintiff, of the risks associated with use of the ladder, which were known or reasonably foreseeable.

4.7 The failure to warn was a proximate cause of Plaintiff's injuries.

**V. CAUSES OF ACTION – BREACH OF EXPRESS AND IMPLIED WARRANTIES**

**COUNT 4 - BREACH OF EXPRESS WARRANTY (RCW 62A.2-313)**

5.1 Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY) JURY TRIAL DEMANDED.

5.2 Defendants made express representations and affirmations of fact regarding the ladder's quality, safety, and reliability..

5.3 These representations formed the basis of the bargain between the parties and constituted express warranties.

5.4 The ladder failed to conform to those express warranties, directly causing Plaintiff's injuries and damages.

## COUNT 5 - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (RCW 62A.2-314)

5.5 Defendants impliedly warranted that the ladder was of merchantable quality and fit for the ordinary purposes for which such goods are used.

5.6 The ladder was not of merchantable quality, as it collapsed under normal and foreseeable use.

5.7 The breach of this implied warranty was a proximate cause of Plaintiff's injuries and damages.

## COUNT 6 - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (RCW 62A.2-315)

5.8 Defendants knew or had reason to know of the specific purpose for which Plaintiff purchased the ladder—safe and stable elevation during home and/or professional work—and that Plaintiff relied on Defendants' expertise in selecting a suitable product.

5.9 The ladder was not fit for that particular purpose and its failure was a proximate cause of Plaintiff's injuries.

## VI. DAMAGES

6.1 As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

- Past and future medical expenses;

SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY) JURY TRIAL DEMANDED.

- Past and future lost wages and diminished earning capacity;

- Pain and suffering (past and future);

- Emotional distress;

- Loss of enjoyment of life; and

- Other general and special damages in an amount to be proven at trial.

6.2 Plaintiff is entitled to recover all such damages allowed by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. General damages in an amount to be proven at trial;

B. Special damages in an amount to be proven at trial;

C. Costs of suit herein incurred;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Any and all other relief the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED this 8th day of October, 2025.**


By: _____
Robert J. Roche, WSBA No. 19618
1918 E. Galer St.
Seattle, WA 98112
Phone: 425-241-0326
Email: robbiero2002@yahoo.com
**Attorney for Plaintiff**

SECOND AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY – PRODUCT LIABILITY) JURY TRIAL DEMANDED.

## CERTIFICATE OF SERVICE

Robert J. Roche states:

I certify that on this day I served the foregoing on counsel as follows:

Michael Terhar
Cunningham Swaim, LLP
2 N Lake Ave, Suite 550
Pasadena, CA 91101

Evelyn Winters
Wilson Elser
520 Pike Street, Suite 2350
Seattle, WA 98101

By U.S. Mail, postage prepaid, and email: mterhar@cunninghamswaim.com; evelyn.winters@wilsonelser.com

Dated this 8th day of October, 2025 at, Seattle, Washington.

Robert J. Roche